**Debra LOONEY, Plaintiff,**

v.

**HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC., Defendant.**

**Civil Action No. 2:04CV121–A.**

United States District Court, M.D. Alabama, Northern Division.

Aug. 6, 2004.

---

Gregory O'Dell Wiggins, Wiggins Childs Quinn & Pantanzis, PC, Kevin Wade Jent, Wiggins Childs Quinn & Pantanzis, PC, Birmingham, AL, for Debra Looney, Plaintiff.

Brian R. Bostick, Joseph Trent Scofield, Ogletree, Deakins, Nash, Smoak & Stewart, Birmingham, AL, Thomas A. Treadwell, Hyundai Motor Manufacturing Alabama LLC, Montgomery, AL, for Hyundai Motor Manufacturing Alabama, LLC, Defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I.  INTRODUCTION

This cause is before the court on a Motion to Dismiss (Doc. # 10) filed on April 22, 2004 by Hyundai Motor Manufacturing Alabama, LLC ("Hyundai" or "Defendant").

On February 12, 2004, Debra Looney ("Looney" or "Plaintiff") filed a Complaint, bringing claims pursuant to 42 U.S.C. § 2000, et seq. ("Title VII"), 42 U.S.C. § 1981, and 29 U.S.C. § 621, et seq. ("Age Discrimination Employment Act" or "ADEA"). The Defendant seeks dismissal of the Plaintiff's claims. This court has jurisdiction pursuant to 28 U.S.C. § 1331.

For the reasons to be discussed, the Defendant's Motion to Dismiss is due to be DENIED.

### II.  MOTION TO DISMISS STANDARD

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint.  See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); see also Wright v. Newsome, 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted).  The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party.  Hishon, 467 U.S. at 73, 104 S.Ct. 2229.  Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim.  Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir.1985).

### III.  FACTS

The allegations of the Plaintiff's Complaint are as follows:

Debra Looney, who is African–American and over the age of forty, applied for employment with Hyundai at its location in Montgomery, Alabama.  Specifically, she applied for the position of SAP Benefits Administrator with Hyundai, through WISE Staffing Solutions.  Looney went through the entire interview and hiring process, during which she was repeatedly assured by WISE Staffing and Hyundai that she would be hired for the SAP position.

During the course of the hiring process, Looney was informed that a new step had

been added to the process; she would need to meet personally with Mr. Ahn, a Vice President. On May 12, 2003, she met with Ahn. He looked at the Plaintiff. The two exchanged greetings. The meeting lasted only one or two minutes.

Looney, who had previously been assured that she would be hired, was informed a week after her meeting with Ahn that she was not selected for the SAP Benefits Administrator position. The position was instead filled by a Caucasian female, under the age of 40.

On January 21, 2004 Looney filed a Voluntary Petition for Bankruptcy under Chapter 13 of the Bankruptcy Code, and disclosed the possibility of this lawsuit as one of the assets to be included in the estate. This action was filed on February 12, 2004. The Bankruptcy Petition is still pending.

### IV. DISCUSSION

As the basis of its Motion to Dismiss Hyundai argues that the trustee of the Chapter 13 bankruptcy estate is the real party in interest and that the trustee has the exclusive right to prosecute the causes of action that Looney has brought against it. Rule 17(a) of the Federal Rules of Civil Procedure provides that "[e]very action shall be prosecuted in the name of the real party in interest." Accordingly, because in the Defendant's view the Chapter 13 trustee, rather than Looney, is the real party in interest, the "Defendant requests that the court enter an order allowing the Bankruptcy Trustee thirty (30) days from the date of entry of the order to take one of the steps contemplated by Rule 17(a) of the Federal Rules of Civil Procedure.[1] If

the Bankruptcy Trustee fails to take such action within the required time, Defendant requests that this action be dismissed with prejudice." Defendant's Motion at p. 4.[2]

Looney contends that, even though she is a Chapter 13 debtor, she remains a real party in interest and has exclusive standing to pursue pre-petition causes of action for discrimination against her by Hyundai in its hiring process for the SAP Benefits Administrator position. The question before the court is whether a Chapter 13 debtor has standing to litigate a non-bankruptcy cause of action which is property of the bankruptcy estate. For purposes of this motion to dismiss, it is unnecessary for the court to determine if the trustee and the debtor have concurrent or exclusive authority. It is only necessary to determine if the debtor has standing.

In a previous case, this court concluded that "[a] Chapter 13 debtor ... has standing and is the real party in interest to recover property of the bankruptcy estate because 'a [C]hapter 13 debtor remains in possession of property of the estate and has the rights and powers of the trustee to use that property.'" *Dowdy v. Palmer Wireless, Inc.*, No. 96–A–1036–N, slip. op. at 6 (M.D.Ala. May 23, 1997)(unpublished opinion) (citing *In re Price*, 173 B.R. 434, 440 n. 2 (Bankr.N.D.Ga.1994) (citing 11 U.S.C. §§ 1303 and 363(b))). Several other courts within the Eleventh Circuit have addressed directly whether a Chapter 13 debtor has standing.

The United States District Court for the Northern District of Alabama rejected the argument that the Chapter 13 trustee is the only proper party to pursue a state court action that was part of the bankrupt-

---

1. The steps contemplated under FED. R. CIV. PROC. 17(a) include ratification, joinder, or substitution of the real party in interest.

2. "No action shall be dismissed on the ground that it is not prosecuted in the name of the

real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest ...." FED. R. CIV. PROC. 17(a).

cy estate. *Merchants & Farmers Bank v. Vail,* No. CV–96–V–2111W, 1996 WL 819806, at *2 (N.D.Ala. Sept.17, 1996).

The court in *In re Griner,* 240 B.R. 432, 435–38 (Bankr.S.D.Ala.1999) concluded that the Chapter 13 debtor had standing to pursue non-bankruptcy causes of action that are part of the bankruptcy estate. The court offered the following explanation of Chapter 13 and the role of a Chapter 13 trustee:

> Chapter 13 is a hybrid of chapters 7 and 11. Chapter 13 is more like chapter 11 (the reorganization chapter used primarily by business debtors) than chapter 7 (the liquidation chapter of the Bankruptcy Code). Chapter 13 is available to individuals who earn a regular income. Debtors propose a plan by which they will repay some or all of their debts through regular payments to a chapter 13 trustee. The trustee pays the sums collected to creditors according to the plan for a period of up to five years. The trustee is not involved in the daily lives of the debtors. He or she does not take possession of debtors' nonexempt assets or monitor ordinary course usage of assets. The trustee does not receive any of the debtors' earnings except what is paid to him or her as prescribed by the chapter 13 plan.

*Id.* at 436.

A trustee, to whom the debtor relinquishes all of her authority over her nonexempt assets, is appointed in every Chapter 7 case. *Id.* Under 11 U.S.C. § 704(1), the trustee of a Chapter 7 estate possesses a responsibility and power that a Chapter 13 trustee does not, that is, a Chapter 7 trustee shall "collect and reduce to money the property of the estate . . . ."

Property of the estate includes, subject to exceptions, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *see also* 11 U.S.C. § 1306.

The Eleventh Circuit has noted that "property of the bankruptcy estate includes all potential causes of action that exist at the time petitioner files for bankruptcy." *Barger v. City of Cartersville, Ga.,* 348 F.3d 1289, 1292 (11th Cir.2003) (citing 11 U.S.C. § 541(a)); *see also Miller v. Shallowford Community Hosp., Inc.,* 767 F.2d 1556, 1559 (11th Cir.1985). Thus, the duty imposed pursuant to 11 U.S.C. § 704(1) "compels a chapter 7 trustee to take over all nonexempt lawsuits of the debtor." *In re Griner,* 240 B.R. at 436. In contrast, "unless otherwise specifically provided by the debtors' plan, a [Chapter 13] debtor remains in possession of all of his or her assets pre— and postconfirmation." *Id.* (citing 11 U.S.C. § 1306(b)). 11 U.S.C. § 1306(b) provides that "[e]xcept as provided in a confirmed plan or order confirming a plan, the [Chapter 13] debtor shall remain in possession of all property of the estate."

The *In re Griner* court provided additional justifications for this conclusion. It noted that the legislative history of 11 U.S.C. § 1303 supports the conclusion that the debtor was to have additional concurrent powers with the trustee, other than those therein provided, specifically the power to sue and be sued. *Id.* (citing 1214 Cong. Rec. H11, 106 (daily ed. Sept. 28, 1978)). Furthermore, the legislative history of 11 U.S.C. § 323 bolsters the view that a Chapter 13 debtor has standing. *Id.* (citing H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 326 (1977) U.S.Code Cong. & Admin. News 1977 at pp. 5787, 6283). Regarding 11 U.S.C. § 323, the House and Senate Reports (Reform Act of 1978) provide that "[s]ubsection (a) of this section makes the trustee the representative of the estate. Subsection (b) grants the trustee the capacity to sue and to be sued. If the debtor remains in possession in a chapter 11 case, section 1107 gives the debtor in possession these rights of the trustee: the debtor in possession becomes the rep-

resentative of the estate, and may sue and be sued. The same applies in a chapter 13 case." HR Rep No. 595, 95th Cong, 1st Sess 326 (1977); S Rep No. 989, 95th Cong, 2d Sess 37 (1978).

Also, the court concluded that the role of a Chapter 13 trustee is inconsistent with exercising exclusive standing, to the exclusion of a Chapter 13 debtor: "the functions of the chapter 13 trustee are basically administrative, e.g., review plans, advise the court on plans, and act as disbursing agent." *In re Griner*, 240 B.R. at 438 (citing *In re Freeman*, 72 B.R. 850, 854 (Bankr.E.D.Va.1987)). With this being the role of a Chapter 13 trustee, the court reasoned that "[i]t would be an extreme burden in many instances to force chapter 13 trustees to prosecute prepetition claims of debtors unless additional personnel were added to prosecute or monitor the claims. [Also,] [i]f a trustee is unwilling or unable to pursue the claims, it would be unfair to deprive debtors' creditors from receiving the benefits of these claims." *Id.*

The court stated that "[t]he right to pursue claims which arise under nonbankruptcy federal or state law and are property of a chapter 13 estate is not dealt with specifically in the Code." *Id.* at 438 n. 3. The court noted that although the trustee under 11 U.S.C. § 323(b) is given the capacity to sue and be sued, it does not state that such authority is exclusive. *Id.* As for the continuing control of the debtor over her property, 11 U.S.C. § "1306 gives a chapter 13 debtor possession of all property of the estate and [11 U.S.C.] § 1303 gives the debtor the power to use, sell or lease the property." *Id.* Although the statutory framework is ambiguous, the court concluded that "[w]hat is clear is that the statutes do not divest the chapter 13 debtor of his or her right to prosecute claims except chapter 5 ones. Therefore, the debtor retains the claims under § 1306 and is able to pursue them under §§ 1302 and 1303." *Id.* Accordingly, "[n]onbankruptcy federal and state law claims can be prosecuted by the trustee or the debtor in chapter 13 cases because there is no specific statutory guidance. No provision specifically divests debtors of prepetition rights. The general, ambiguous language of the Code is insufficient to terminate debtors' standing to collect and reduce prepetition nonbankruptcy claims to money in chapter 13 cases." *Id.*[3]

---

**3.** The court in *In re Tippins*, 221 B.R. 11, 18 (Bankr.N.D.Ala.1998) was not persuaded that a statutory basis existed for conferring standing upon a Chapter 13 debtor; however, it ultimately concluded that the Chapter 13 debtor had standing because "no party in interest objected to the exemptions and therefore [the debtors] obtained a property right in the lawsuit and its proceeds. That property interest necessarily creates standing in the debtor." *In re Tippins*, 221 B.R. 11, 15–18 (Bankr.N.D.Ala.1998). The parties have not discussed whether any objection has been made to Looney's claim on her Schedule C form that one thousand nine hundred eighty dollars of the five thousand dollars, which she estimated as the value of this lawsuit, was exempt.

The *Tippins* court did not consider many of the foundations that the *In re Griner* court relied upon in finding that a Chapter 13 debt-

or does have standing, including the legislative history of 11 U.S.C. § 323 and 11 U.S.C. § 1303, the lack of indication in the text of 11 U.S.C. § 323(b) that the capacity to sue was meant to be exclusive, the disparities in the roles of a Chapter 7 and Chapter 13 trustees, and although the court considered the property rights vesting in a Chapter 13 debtor pursuant to 11 U.S.C. § 1327(b) and the rights of the Chapter 13 debtor under 11 U.S.C. § 1303, it did not consider the pre-confirmation property rights of the debtor under 11 U.S.C. § 1306.

The bankruptcy court in *In re Davis*, 216 B.R. 898, 902–03 (Bankr.N.D.Ga.1997), stated that a Chapter 13 debtor does not have standing until the confirmation of the Chapter 13 plan. The Defendant has failed to assert or argue that the Chapter 13 plan in this case has not been confirmed. The hearing on the confirmation of Looney's bankruptcy plan

The three Circuits which have directly addressed this issue have all held that a Chapter 13 debtor has standing to sue.

The Seventh Circuit found that a Chapter 13 debtor has standing to pursue her claims in her own name on behalf of the estate. *Cable v. Ivy Tech State College*, 200 F.3d 467, 472–74 (7th Cir.1999). The court indicated that a fundamental difference exists between Chapter 7 and Chapter 13 in this regard. *Id.* at 472. "Chapter 7 establishes a much more radical solution to indebtedness, requiring the liquidation of the debtor's property, to which end Congress granted the trustee broad powers without interference from the debtor. The trustee has sole authority to dispose of property, including managing litigation related to the estate." *Id.* (citing 11 U.S.C. §§ 541(a)(1), 704(1)). The court explained that "Chapter 13, on the other hand, encourages the debtor to pay his debts over time by establishing a court-approved payment plan but leaving the debtor in possession of the estate. *See* 11 U.S.C. § 1303 (debtor-in-possession has substantially same powers as the trustee in other chapters); § 1306(b) (debtor retains possession of estate except as limited by plan)." *Cable*, 200 F.3d at 472. Thus, "[t]he trustee acts as an adviser and administrator to facilitate the repayment of debts according to the plan." *Id.* (citing 11 U.S.C. § 1302).

The Seventh Circuit noted that in Chapter 7 liquidation proceedings only the trustee has standing to prosecute or defend a claim belonging to the estate. *Id.* at 472. With regard to "reorganization chapters", the court, citing Rule 6009 of the Federal Rules of Bankruptcy Procedure, found that "the debtor has express authority to sue and be sued." *Id.* Rule 6009 provides that "[w]ith or without court approval, the trustee or **debtor in possession** may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal." FED. R. BANKR. P. 6009 (emphasis added). According to the Seventh Circuit, this Rule "applies to Chapters 7, 11 and 13."[4] *Cable*, 200 F.3d at 472; *see also Campion v. Credit Bureau Servs., Inc.*, 206 F.R.D. 663, 669 (E.D.Wash.2001)

"Chapter 13 grants the debtor possession of the estate's property, 11 U.S.C. § 1306(b), which is defined by § 541 to include 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" *Cable*, 200 F.3d at 472 (citing 11 U.S.C. § 541(a)(1)). Legal claims are included among this property of the estate. *Id.* at 472–73. The Sev-

---

was set for April 8, 2004. Defendant's Motion at Exhibit A.

4. One of the leading bankruptcy treatises, 1 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 54.1 (3d ed.2000) takes a different view than the Seventh Circuit in terms of the applicability of Fed. R. Bankr.P. 6009 to Chapter 13. With respect to Rule 6009, LUNDIN advances the proposition that " '[d]ebtor in possession' is a term of art applicable only in Chapter 11 cases." *Id.* at § 54.1 n. 3 (citing 11 U.S.C. § 1101(1)). LUNDIN concludes that "[t]here is no similar rule with respect to debtors in Chapter 13 cases." *Id.* at § 54.1. Another leading bankruptcy treatise offers a look at

the term that differs in some respects from the view set forth in *Lundin*. 10 LAWRENCE P. KING, COLLIER ON BANKRUPTCY, ¶ 6009.01 n. 1 (15th ed. rev.2004). " 'Debtor in possession' is defined for chapter 11 purposes in Code section 1101(1) and operates in chapter 11 as provided for in section 1107(a). Although not defined in chapter 12, the term is used in sections 1202(b)(5), 1203, and 1204. The term is not used in chapter 13, but several courts have held that Rule 6009 should be applied to allow the chapter 13 debtor to bring actions on behalf of the estate." *Id.* (citing *Cable*, 200 F.3d at 472–73; *Campion v. Credit Bureau Servs., Inc.*, 206 F.R.D. 663, 669 (E.D.Wash.2001)).

enth Circuit reasoned that "[i]t would frustrate the essential purpose of § 1306 to grant the debtor possession of the chose in action yet prohibit him from pursuing it for the benefit the estate." *Id.* at 473. The court, therefore, found that "[u]nder the reorganization chapters, the debtor-in-possession steps into the role of trustee and exercises concurrent authority to sue and be sued on behalf of the estate." *Id.* Thus, a Chapter 13 debtor has standing.

Similarly, the Second Circuit held "that a Chapter 13 debtor, unlike a Chapter 7 debtor, has standing to litigate causes of action that are not part of a case under title 11." *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir. 1998). The Second Circuit, however, based its decision on legislative history and the differences between the source of a creditor's recovery under Chapter 13 and Chapter 7. *Id.* at 515–16. With regard to legislative history, the court quoted statements of the Floor Managers for the Uniform Law on Bankruptcies from the House of Representatives and the United States Senate, as follows: "Section 1303 . . . specifies rights and powers that the debtor has exclusive of the trustees. The section does not imply that the debtor does not also possess other powers concurrently with the trustee. For example, although Section 323 is not specified in section 1303, certainly it is intended that the debtor has the power to sue and be sued." *Id.* at 516 (quoting 124 Cong. Rec. H. 11,106 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards); S. 17,423 (daily ed. Oct. 5, 1978) (remarks of Sen. DeConcini)).

As for the impact on a creditor's recovery, the court reasoned that "in Chapter 13 proceedings (unlike Chapter 7 proceedings) the creditors' recovery is drawn from the debtor's earnings, not from the assets of the bankruptcy estate; [therefore,] it is only the Chapter 13 debtor who stands to gain or lose from efforts to pursue a cause of action that is an asset of the bankruptcy estate." *Id.*[5] Noting this, the court concluded that "the trustee's participation in such an action is generally not needed to protect the Chapter 13 creditors' rights." *Id.*

The Third Circuit stated that "Chapter 13 debtors are empowered to maintain suit even after a bankruptcy trustee has been appointed in their case: an essential feature of a chapter 13 case is that the debtor retains possession of and may use all the property of his estate, including his pre-petition causes of action, pending confirmation of his plan." *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1209 n. 2 (3d Cir.1991). The court noted that "Section 1303 of the Bankruptcy Code specifies rights and powers over estate property that the chapter 13 debtor has exclusive of a chapter 13 trustee, whose rights and duties are defined by § 1302 of the Code." *Id.* (citing 11 U.S.C. §§ 1303, 1302; *see also* FED. R. BANKR. P.2015(c)). Regarding 11 U.S.C. § 1303, "[t]he legislative history underlying [this section] makes clear that although the enumerated powers granted by that section do not expressly include a chapter 13 debtor's right to sue and be sued, Congress intended such debtor would have power to maintain suit on his own behalf." *Maritime Elec. Co., Inc.*, 959 F.2d at 1209 n. 2 (citing

---

5. Depending on how this proposition set forth by the Second Circuit in *Olick* is interpreted, the *Cable* case may provide a counterexample. The Seventh Circuit distinguished a previous decision, where the creditors would not have benefitted because they were already receiv-

ing full satisfaction under the Chapter 13 plan, from *Cable* in which "the plan specifically directs that the potential proceeds from Cable's Title VII claim benefit the estate and its creditors." *Cable*, 200 F.3d at 473.

124 Cong. Rec. H 32,409 (Sept. 28, 1978); S 34,009 (Oct. 5, 1978)).

The leading bankruptcy treatises offer insight on the issue of whether a Chapter 13 debtor has standing. As an initial matter, "[t]here is no specific section of Chapter 13 authorizing the debtor to commence or continue lawsuits by or against the debtor." 1 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 54.1 (3d ed.2000). Furthermore, 11 U.S.C. § 323(b) applies to Chapter 13 cases; it provides that "[t]he trustee in a case under this title has capacity to sue and be sued." *Id.* Nevertheless, "11 U.S.C. § 1303 gives the debtor in a Chapter 13 case, exclusive of the trustee, the rights and powers of a trustee under several subsections of § 363. By this cross-reference, § 363(b) and (d) permit the debtor in a Chapter 13 case to use, sell, or lease property of the estate." *Id.* Accordingly, "[i]t can be argued that the debtor's right to use property of the estate includes prosecution of a cause of action that became property of the Chapter 13 estate." *Id.* Similarly, COLLIER ON BANKRUPTCY indicates that "[i]n cases under chapters 12 and 13 of the Bankruptcy Code, the debtor normally remains in possession of all property of the estate, and presumably this includes control of causes of action belonging to the estate." 10 LAWRENCE P. KING, COLLIER ON BANKRUPTCY, ¶ 6009.01 (15th ed. rev.2004). Also, "[i]t has been stated that the powers of a trustee, including the power to sue and be sued, may nonetheless be exercised by a chapter 13 debtor concurrently with the chapter 13 trustee though not as a representative of the chapter 13 estate." 8 LAWRENCE P. KING, COLLIER ON BANKRUPTCY, ¶ 1300.52[1] (15th ed. rev.2004) (citing 124 Cong. Rec. H11106 (daily ed., Sept. 28, 1978)).

The design of Chapter 13 leaves a debtor better suited than a trustee to pursue a cause of action. *See* 1 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 54.1 (3d ed.2000). Specifically, "[c]ompensation of the trustee or trustee's counsel for litigation in a Chapter 13 case is problematic. Most of the time, the Chapter 13 debtor is the only party positioned to evaluate causes of action that belong to the estate and only the debtor can effectively continue to prosecute promising litigation. It would make sense for the Code to expressly authorize Chapter 13 debtors to sue and be sued." *Id.* (footnote omitted). As for the existing cases in which this issue has arisen, LUNDIN notes that "[o]n several different theories, and sometimes without discussion, many reported decisions have permitted Chapter 13 debtors to commence or continue lawsuits alone or concurrently with the trustee." *Id.* COLLIER ON BANKRUPTCY, simply stated, concludes that "[a] chapter 13 trustee may sue and be sued, as **may a chapter 13 debtor**." 8 LAWRENCE P. KING, COLLIER ON BANKRUPTCY, ¶ 1300.52[2] (15th ed. rev.2004) (emphasis added).

In spite of the authorities discussed above, Hyundai contends that the Eleventh Circuit's case of *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir.2003) is mandatory and binding authority, under which the debtor does not have standing, because she is not a real party in interest under FED. R. CIV. PROC. 17(a). The Defendant also argues that the better statutory interpretation of the Bankruptcy Code is to conclude that a Chapter 13 debtor does not retain her standing.

With regard to Chapter 11 debtors, 11 U.S.C. § 1107 provides that "[s]ubject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in

sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter." Hyundai asserts that there no parallel provision with regard to Chapter 13 debtors. There is certainly no provision that sweeps as broadly as 11 U.S.C. § 1107 that relates to Chapter 13 debtors. 8 LAWRENCE P. KING, COLLIER ON BANKRUPTCY, ¶ 1300.52[2] (15th ed. rev.2004). There are, however, provisions granting considerable control to Chapter 13 debtors. *See* 11 U.S.C. §§ 1303, 1306(b). Hyundai's argument stretches the concept that the mention of one implies the exclusion of another in inconsistent directions and too far within the complicated fabric of the Bankruptcy Code. Hyundai's argument stands upon an inherent internal inconsistency. 11 U.S.C. § 1106 defines the duties of a trustee under Chapter 11. The provision contains cross-references to other sections, notably 11 U.S.C. § 704(2), 704(5), 704(7), 704(8), 704(9). It does not, however, contain any cross-reference to 11 U.S.C. § 323. Thus, Hyundai asks the court to accept that the mention of one excludes the other for purposes of finding that 11 U.S.C. § 1107 excludes Chapter 13 debtors by their non-mention, but to nevertheless conclude that 11 U.S.C. § 1107 includes within its reach of conferring duties upon a Chapter 11 debtor in possession the trustee's standing under 11 U.S.C. § 323, which is not mentioned in 11 U.S.C. § 1106.[6] Furthermore, simply stated, for reasons set forth above and below, the contrary view, that a Chapter 13 debtor remains the real party in interest, offers a more persuasive interpretation of the Bankruptcy Code.

The Eleventh Circuit in *Barger* began its analysis of the debtor's standing by setting forth FED. R. CIV. PROC. 17(a). The court noted that the cause of action was part of the bankruptcy estate. *Barger,* 348 F.3d at 1292 (citing 11 U.S.C. § 541(a)). It held "[a]ccordingly, the Trustee is the real party in interest and it has exclusive standing to assert any discrimination claims. *See Wieburg v. GTE Southwest Incorporated,* 272 F.3d 302, 306 (5th Cir.2001) (finding that a trustee is the real party in interest with exclusive standing to assert claims which are property of the bankruptcy estate)." *Id.* Both the cited Fifth Circuit case *Wieburg* and *Barger* itself involve Chapter 7, not Chapter 13 debtors. *Wieburg,* 272 F.3d at 304; *Barger,* 348 F.3d at 1291. The Eleventh Circuit also subsequently cited to *Barger* in holding that a Chapter 7 debtor lacked standing in *Parker v. Wendy's Intern., Inc.,* 365 F.3d 1268, 1272 (11th Cir.2004). The same conclusion regarding a debtor not having standing had been reached in *In re Alvarez,* 224 F.3d 1273, 1279–80 (11th Cir.2000), which was also a Chapter 7 debtor case. In *Steger v. General Elec. Co.,* 318 F.3d 1066, 1080 (11th Cir.2003), the court cited to this holding *In re Alvarez,* but did not specify the type of bankruptcy filed for by the petitioner.

The Eleventh Circuit has stated that "[w]e generally accept that the smaller the number of material facts in an opinion, the wider will be the legal principle it decides." *Vinyard v. Wilson,* 311 F.3d 1340, 1351 (11th Cir.2002). "It is [, however,] a maxim not to be disregarded, that general

---

**6.** The court's discussion of the applicability of 11 U.S.C. § 323 to 11 U.S.C. § 1107 is not meant to cast doubt on the applicability of the former to the later. 11 U.S.C. § 323 is applicable to Chapter 11 under 11 U.S.C. 103(a), which states "[e]xcept as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12,

or 13 of this title." Rather, the court's discussion was intended to demonstrate the complexity of the inter-workings of different provisions within the Bankruptcy Code and the internal inconsistency of the approach to analyzing this issue suggested by the Defendant.

expressions, in every opinion, are to be taken in connection with the case in which those expressions are used." *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1038–39 (11th Cir.2001) (quoting *Cohens v. Virginia,* 19 U.S. 264 (6 Wheat.), 6 Wheat. 264, 19 U.S. 264, 5 L.Ed. 257 (1821) (Marshall, C.J.)) "As legal authority, the binding aspect of an earlier case is found in the actual disposition of the case given its particular essential facts. The power of precedent chiefly is to assure that like cases have like results. Cases that are not essentially alike can rightly have different results." *Dantzler v. U.S. I.R.S.,* 183 F.3d 1247, 1248 (11th Cir.1999). Justifications for the use of precedent arise from principles and concepts including, but not limited to, certainty and reliance, equality, efficiency, and the avoidance of arbitrary decision-making. Earl Maltz, *The Nature of Precedent,* 66 N.C. L. Rev. 367, 368–72 (1988); *see also* Frederick Schauer, *Precedent,* 39 Stan. L. Rev. 571, 595–602 (1987) (analyzing the virtues of precedent).

The court interprets the general legal expressions set forth in the aforementioned Eleventh Circuit opinions other than in *Steger* to be in reference to Chapter 7 debtors, which were the type of debtors before those courts. The court in *Steger* did not indicate what type of bankruptcy was filed by the debtor; however, the issue being considered was not whether the debtor had standing or was the real party in interest. Rather, the issue before the court was the argument by the debtor that "the district court abused its discretion by denying her motion to amend her complaint to add the bankruptcy trustee because, at the time of her motion, the bankruptcy trustee was the real party in interest and essential to the court's jurisdiction." *Steger,* 318 F.3d at 1079. The court found that "[b]ecause the bankruptcy court had appointed Steger's counsel to represent the Trustee, the bankruptcy es-

tate was adequately represented and participated in the action. The parties and the district court were aware of the Trustee's claim." *Id.* at 1081. The court found that the trustee's participation via being represented by the debtor's counsel constituted adequate participation. Such a conclusion does not provide support for the proposition that a debtor has no standing to bring a claim under Chapter 13.

The conclusion that a Chapter 13 debtor has standing to pursue a cause of action is not inconsistent with existing Eleventh Circuit precedent. Accordingly, contrary to the position argued by the Defendant, the court is not bound by precedent to conclude that Looney does not have standing to assert her Title VII, 42 U.S.C. § 1981, and ADEA claim against Hyundai.

As for any concerns about participation or representation of the trustee, the United States District Court for the Northern District of California in *Donato v. Metropolitan Life Ins. Co.,* 230 B.R. 418, 425–26 (N.D.Cal.1999) addressed similar concerns. It denied a motion for judgment on the pleadings based on the Chapter 13 debtor's lack of standing, but "[n]evertheless, because [the debtor's] claims are the property of her Chapter 13 estate, the Court instruct[ed] the clerk of the court to send a copy of this order to the Chapter 13 trustee and the creditors listed in [the debtor's] bankruptcy case." *Id.*

Thus, although a few courts have reached what appear to be contrary conclusions on this issue, this court is not persuaded that the Bankruptcy Code strips a Chapter 13 debtor of standing. Certainly, a trustee may have an interest in a cause of action, which is part of a bankruptcy estate. It is not, however, necessary for this cause of action to be dismissed because the Chapter 13 debtor is not the real party in interest under Fed. R. Civ. Proc. 17(a). Considering the struc-

tural framework of Chapter 13, including the more limited role of the trustee in Chapter 13 than in Chapter 7, the debtor's property rights under 11 U.S.C. § 1303, the debtor remaining in possession of property prior to and except as provided for in the plan pursuant to 11 U.S.C. 1306(b), that the debtor is not expressly stripped of standing under the Bankruptcy Code, and the legislative history of 11 U.S.C. §§ 323; 1303, the court concludes that Looney, a Chapter 13 debtor, does have standing to pursue her claims.

## V. *CONCLUSION AND ORDER*

For the reasons discussed, Hyundai's Motion to Dismiss (Doc. # 10) is due to be and is hereby ORDERED DENIED. Also, the Court DIRECTS the clerk of the court to mail copies of this Order to the United States Bankruptcy Court for the Northern District of Alabama, where Looney's bankruptcy proceedings are pending, and to the Chapter 13 trustee.

The Defendant is DIRECTED to file an Answer **on or before** August 19, 2004.